U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 26 2006
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton

At a Motion Term of the United States District Court for the Northern District of New York at the U.S. Courthouse, Albany, New York on the 10th day of July 2006.

PRESENT:   Hon. Thomas J. McAvoy
           Senior U.S. District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| AMY DEMAR, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF PAUL J. SIRIANNI AND ADMINISTRATRIX OF THE ESTATE OF GLORIA M. SIRIANNI<br><br>Plaintiff,<br><br>vs.<br><br>D.L. PETERSON TRUST<br><br>Defendant. | **DECISION AND ORDER**<br><br><br><br><br>Index No.: 05-CV-0103TJM/RFT |

---

The Defendant, D.L. PETERSON TRUST, by and through its attorneys Goldberg Segalla LLP, having moved this Court for an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment dismissing Plaintiff's claim for damages for the conscious pain and suffering and/or pre-impact terror of Plaintiff's decedent, Paul Sirianni, and dismissing Plaintiff's claim of damages for the pecuniary loss sustained by the grandchildren of Plaintiff's decedents; and the Plaintiff, Amy

DeMar, Individually and as Administratrix of the Estate of Paul J. Sirianni and Adminstratrix of the Estate of Gloria M. Sirianni, by and through her attorneys, Powers & Santola, LLP, having cross-moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment on the issue of liability, and for an order holding that Plaintiff Amy DeMar sustained a serious injury under New York State Insurance Law §5102, for an Order dismissing Defendant's affirmative defense regarding the utilization of seat belts; and to preclude Defendant's expert witness, Thomas Lacek, from testifying at trial;

**NOW**, upon reading and filing of Defendant's Notice of Motion dated June 9, 2006, the Affidavit of Kenneth M. Alwesi, Esq., attorney for the Defendant, sworn to on the 9th day of June 2006 in support of Defendant's motion for partial summary judgment; and Plaintiff's Notice of Cross-Motion, dated June 23, 2006, the Affidavit of Laura M. Jordan, Esq., sworn to on the 23rd day of June 2006; the Affidavit of Daniel Santola sworn to on the 22nd day of June 2006; the Affidavit of Amy DeMar sworn to on the 23rd day of June 2006; the Affidavit of Stephen Fitzgerald, sworn to on the 22nd day of June 2006; the Affidavit of Sharen Yaworski sworn to on the 21st day of June 2006, the Affidavit of Joseph Wetterhahn, M.D., sworn to on the 22nd day of June 2006, in opposition to Defendant's motion and in support of Plaintiff's Cross-Motion; Defendant's Notice of Cross-Motion dated June 30, 2006; the Affidavit of Kenneth M. Alweis in support of Defendant's Motion sworn to on the 29th of June 2006, the Affidavit of Thomas Lacek, sworn to on the 29th of June 2006 in opposition to Plaintiff's Cross-Motion and in support of Defendant's Cross-Motion for Partial Summary Judgment dismissing Plaintiff's claim of personal injury sustained by Plaintiff Amy DeMar; and

After hearing Goldberg Segalla, LLP, Kenneth M. Alweis, Esq., on behalf of Defendant in support of Defendant's Motion for Partial Summary Judgment and Defendant's Cross-Motion for summary judgment; and Powers & Santola, Laura M. Jordan, Esq., on behalf of Plaintiff in opposition to Defendant's motion and in support of Plaintiff's Cross-Motion; and after due deliberation having been had, it is hereby

**ORDERED** that Defendant's motion for summary judgment dismissing Plaintiff's claim regarding Paul Sirianni's conscious pain and suffering and/or pre-accident terror is hereby GRANTED; and it is further

**ORDERED** that Defendant's motion for summary judgment dismissing Plaintiff's claim of pecuniary loss sustained by the grandchildren of Plaintiff's decedents is hereby GRANTED; and it is further

**ORDERED** that Plaintiff's Cross-Motion for summary judgment on the issue of Defendant's liability is hereby GRANTED; and it is further

**ORDERED** that Plaintiff's Cross-Motion for summary judgment holding the Plaintiff Amy DeMar has sustained a serious injury under New York Insurance Law §5102 is hereby DENIED on the basis that material questions of fact exist regarding whether Plaintiff Amy DeMar sustained a serious injury under New York Insurance Law §5102; and it is further

**ORDERED** that Plaintiff's Cross-Motion for an Order dismissing Defendant's affirmative defense regarding the utilization of seat belts is hereby DENIED without prejudice and Plaintiff may refile the motion; and it is further

**ORDERED** that Plaintiff's Cross-Motion for an Order precludeing Defendant's expert witness, Thomas Lacek, from testifying at trial is hereby DENIED without prejudice and Plaintiff may refile said motion in accordance with Judge Treece's Order of June 30, 2006.

Dated: July 26, 2006

ENTER:

*/s/ Thomas J. McAvoy*
Honorable Thomas J. McAvoy
Senior U.S. District Judge